O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7435 AHM (PLAx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | GERARDO DELGADILLO v. COUTNRYWIDE HOME LOANS, INC. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On August 31, 2009, Plaintiff Gerardo Delgadillo filed a complaint in this case in the Superior Court of California for the County of Los Angeles. The complaint alleged nine causes of action against Defendants Countrywide Home Loans, Inc. (erroneously sued as Bank of America Corporation) and the Bank of New York Mellon (collectively, "Defendants") in connection with a foreclosure proceeding on Plaintiff's residence.

On October 14, 2009, Defendants filed a timely Notice of Removal, alleging federal question jurisdiction under 28 U.S.C. § 1331. On November 10, 2009, Plaintiff filed a First Amended Complaint ("FAC"). The FAC alleges a total of five claims for (1) negligence; (2) intentional infliction of emotional distress; (3) breach of the implied covenant of good faith and fair dealing; (4) quiet title; and (5) unfair trade practices.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996); William Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:609.5 (2009) ("Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits."). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William Shwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7435 AHM (PLAx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | GERARDO DELGADILLO v. COUTNRYWIDE HOME LOANS, INC. *et al*. | | |

TRIAL §§ 2:697, 2:704.5 (2009). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003).

In this case, the FAC does not present a federal question (nor did the original Complaint, for that matter). Plaintiff's claims are predicated, in part, on Defendants' alleged failure to comply with the U.S. Treasury's loan modification guidelines under the "Home Affordable Modification Program" ("HAMP"). Specifically, Plaintiff alleges that the HAMP regulations created a duty of care between himself and Defendants; that Defendants subsequently breached this duty of care; and that Defendants' violations of the HAMP guidelines constitute unfair business practices under California law. Federal law does not supply the cause of action for any of Plaintiff's claims.

In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "It is not enough that the court may have to interpret federal laws or regulations. 'Arising under' jurisdiction exists only 'where the vindication of a right under state law necessarily turn(s) on some construction of federal law.'" William Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:108 (2009) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 US 804, 808 (1986)). Thus, "when a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996). *See also Ricano v. Aurora Loan Servicing*, No. CV 09-1989-SJO, 2009 WL 1096042 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state-law claim for predatory lending could be supported by "alternative and independent" state law theories); *California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law). Because Plaintiff's state law claims can be supported by alternate and independent state law theories, they do not necessarily depend on resolution of an actual and disputed federal issue. Moreover, the federal issues raised

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7435 AHM (PLAx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | GERARDO DELGADILLO v. COUTNRYWIDE HOME LOANS, INC. *et al*. | | |

in Plaintiff's claims—all of which are state law causes of action—do not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

Moreover, contrary to Defendants' argument in their Notice of Removal, the "Servicer Participation Agreement for [HAMP]" between Countrywide Home Loans and the U.S. Department of Treasury does not mandate federal jurisdiction. The provision in the Servicer Participation Agreement—which was between Countrywide and the Department of Treasury—includes a choice of law provision, not a forum-selection clause. *See* Notice of Removal at 4 (quoting the Servicer Participation Agreement as specifying that the contract "shall be governed by and construed under Federal law and not the law of any state or locality").

Accordingly, this Court lacks jurisdiction over Plaintiff's claims and *sua sponte* REMANDS them to Los Angeles County Superior Court.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | SMO |